## MULLOWNY v. MOWATT.

CRIMINAL LAW; PROHIBITION; CERTIORARI; POLICE COURT; JURISDICTION; FOOD ADULTERATION; PROSECUTING OFFICERS.

1. Writs of prohibition and certiorari to the police court of the District of Columbia, sought by one charged with violating the food and drugs act of June 30, 1906, upon the grounds that the prosecution should be by the corporation counsel, and not by the United States attorney, and that the police court is not a "proper court of the United States" within the meaning of that act, ought not to be issued by the supreme court, where this court has previously ruled that the police court is a proper court of the United States within the meaning of that act (citing *Huyler's* v. *Houston,* 41 App. D. C. 452), which requires prosecutions to be by the United States district attorney, whatever view the supreme court may entertain as to the duty of the police court, under sec. 933, D. C. Code (31 Stat. at L. 1341, chap. 854), to certify the case to this court to determine the question whether the prosecution should be conducted by the corporation counsel or by the United States attorney.

2. A defendant in a case pending in the police court of the District of Columbia may not, as of absolute right, arrest the proceedings by raising the question as to whether the prosecution should be conducted by the corporation counsel or by the United States attorney, under sec. 933, D. C. Code, which provides that if that question shall arise, the presiding judge shall forthwith, either of his own motion or upon suggestion of either of those officials, certify the case to the court of appeals to determine that question in a summary way, and that in such case the defendant shall have the right to be heard; but it is only when the judgment or either of the officials

named shall entertain a doubt as to who should conduct the prosecution, that such question shall be certified to this court and the defendant be entitled to a hearing.

No. 2738.    Submitted December 7, 1914.    Decided January 4, 1915.

HEARING on an appeal by the respondent from a judgment of the Supreme Court of the District of Columbia refusing to quash writs of certiorari and prohibition issued to the Police Court.                                              *Reversed.

The COURT in the opinion stated the facts as follows:

There was filed in behalf of the United States, in the police court of the District, against Alexander Mowatt, the appellee, as defendant, an information in ten counts, charging ten separate and distinct violations of the food and drugs act of June 30, 1906. Thereupon the defendant challenged the jurisdiction of the court on the ground that the prosecution should have been by the corporation counsel, and not by the United States attorney, and upon the further ground that the police court was not a proper court of the United States within the meaning of said act. There objections having been overruled, the defendant filed a petition in the supreme court of the District, praying that the writ of prohibition and the writ of certiorari in aid thereof issue from that court to the police court, and the writs were issued as prayed. The court refusing to quash said writs, the case was brought here.

*Mr. Clarence R. Wilson* United States District Attorney, and *Mr. James A. Cobb,* Assistant, for the appellant:

1. The extraordinary writ of prohibition is never issued except in cases where the subordinate tribunal has no jurisdiction at all to deal with the cause of matter before it, which must either be apparent on the face of the proceedings, or where, in the progress of a cause within its jurisdiction, some point arises for decision which the inferior court is incompetent to deter-

mine.  *Ex parte Smith,* 34 Ala. 455; *Crosby* v. *Thompson,* 42 Mo. 133; *Sweet* v. *Hulbert,* 51 Barb. 312; *People* v. *Works,* 7 Wend. 486; *Ex parte Roundtree,* 57 Ala. 42; High, Extr. Rem. 604; *Smith* v. *Whitney,* 116 U. S. 167; *Deffer* v. *Kimball,* 7 App. D. C. 499.

2. The police court had jurisdiction in this case. *Huyler* v. *Houston,* 41 App. D. C. 452; *Dade* v. *United States,* 40 App. D. C. 94.

3. A writ of prohibition cannot be made to serve the purpose of a writ of error or certiorari. *Smith* v. *Whitney,* 116 U. S. 167; *Deffer* v. *Kimball,* 7 App. D. C. 503.

4. A writ of prohibition may be granted only where it is the appropriate and only remedy open to the petitioner. *Deffer* v. *Kimball,* and *Smith* v. *Whitney, supra.*

5. There being but one district attorney in this jurisdiction, it was his plain and mandatory duty to proceed in this case when the health officer of this district placed the facts before him. *United States* v. *Morgan,* 222 U. S. 274.

*Mr. J. E. Laskey* also for the appellant.

*Mr. Henry E. Davis* and *Mr. Matthew E. O'Brien* for the appellee:

1. An inferior court erroneously asserting, and undertaking to exercise, a jurisdiction which it does not possess, is subject to prohibition by a superior court having the necessary jurisdiction in the premises. 16 Enc. Pl. & Pr. 1123, and cases cited; *Thomas* v. *Mead,* 36 Mo. 232; *Re Rice,* 155 U. S. 396, 402.

2. The supreme court of the District of Columbia has such jurisdiction over the police court of the District, and, accordingly, the power to issue to the latter its writ of prohibition in a proper case, which this is. *United States* v. *West,* 34 App. D. C. 12, 16, 17; *State* v. *Johnson,* 103 Wis. 591, 51 L.R.A. 33–112.

Mr. Justice Robb delivered the opinion of the Court:

As this court had already ruled that the police court was a proper court of the United States within the meaning of said food and drugs act (*Huyler's* v. *Houston,* 41 App. D. C. 452), and that act required prosecutions to be by the United States district attorney, the writs ought not to have issued, whatever view the court may have entertained of sec. 933 of the District Code [31 Stat. at L. 1341, chap. 854], which provides that if in any case any question shall arise as to whether the prosecution should be conducted by the corporation counsel or by the attorney of the United States for the District of Columbia, the presiding judge shall forthwith, "either of his own motion or upon suggestion of the city solicitor or the attorney of the United States, certify the case to the court of appeals of the District of Columbia, which court shall hear and determine the question in a summary way." The section further provides that "in every such case the defendant or defendants shall have the right to be heard in the court of appeals."

It is the contention of the appellee that any defendant in any case pending in the police court may, as of absolute right, arrest proceedings therein by raising the question as to who should prosecute him. We do not think this conclusion follows from the language used in the section quoted. Congress knew that a defendant could raise the question regularly as a part of his defense, and that to permit him to take advantage of all the provisions of sec. 933 would be to invite almost certain delay in a class of prosecutions that should be ended expeditiously. Therefore, instead of merely providing that whenever any question should arise as to who should conduct a prosecution the judge should forthwith certify that question to this court, Congress used the qualified phraseology above quoted. We think the language used means that whenever the judge or either of the officials named shall entertain a doubt as to who should conduct the prosecution, the question shall be certified to this court, and not otherwise, and that in the event of such certification the defendant shall have a right to be heard. Inasmuch

as he is interested in its determination, sec. 933 permits him
to be heard if the question is preliminarily certified to this court.
If it is not so certified, it becomes part of his regular defense.

Judgment reversed, with costs, and cause remanded with
directions to dismiss the writs        *Reversed and remanded.*