# HUNTER v. UNITED STATES.

CONTEMPT; VIOLATING PROBATION ORDER; COLLATERAL IMPEACHMENT; ACT
DONE IN OTHER STATE.

1. One charged with contempt of court in the violation of an order placing a boy on probation, by assisting in his removal from the custody in which he had been placed by permission of the court, cannot defend on the ground that the order was invalid, where the court, in making it, had jurisdiction of the party and the subject-matter, since, however defective or erroneous the proceedings may have been, it cannot be collaterally impeached. (Citing *District of Columbia* v. *Wilson,* 44 App. D. C. 265, 269.)

NOTE.—On disobedience of void order as contempt, see note in 16 L.R.A. (N.S.) 1063.

2. The lack of a sworn statement or information charging a person with contempt does not defeat the jurisdiction of the juvenile court (34 Stat. at L. 73, chap. 900), as the jurisdiction does not depend upon the form of pleading, providing the defendant is given full notice of the charge in the rule to show cause. (Citing *Juvenile Ct.* v. *Hughlett,* 44 App. D. C. 59; *United States ex rel. Alward* v. *Latimer,* 44 App. D. C. 81.)

3. The juvenile court in the District of Columbia has jurisdiction to punish a contempt of a probation order of the court by assisting in the removal of a boy from an institution in Maryland, in which he had been placed by permission of the court, as the custody of the boy at that institution was the custody of the court, and the place at which the offense of interfering with it was committed is of no importance. (Citing *McCaully* v. *United States,* 25 App. D. C. 404, 413.)

4. Any interference with the exercise of the authority of a Federal court may, under sec. 268 of the Judicial Code (36 Stat. at L. 1087, chap. 231, Comp. Stat. 1916, sec. 1245), be summarily punished as a contempt under a rule of the court to show cause, which fully apprises the defendant of the charges against him.

5. A person charged with contempt of court, although the proceeding is in its nature criminal, is not entitled to a trial by jury, except where expressly required by statute.

No. 3133.    Submitted April 2, 1918.    Decided May 6, 1918.

In error to the Juvenile Court of the District of Columbia. *Judgment affirmed.*

The COURT in the opinion stated the facts as follows:

This cause is here on writ of error to the juvenile court of the District of Columbia to review a judgment adjudging plaintiff in error, James Hunter, hereafter, for convenience, referred to as defendant, guilty of contempt of court.

James Hunter, Jr., son of defendant, was convicted in the juvenile court of disorderly conduct. Sentence was suspended by the court, and he was placed upon probation. Permission was given defendant to place his son in the National Junior Republic, near Annapolis, Maryland, upon condition that he remain there for the period of one year, his probation to con-

tinue in force. Shortly thereafter, it came to the attention of the court that the boy had been removed from the Junior Republic by defendant in violation of the order of the court. Thereupon the court, of its own motion, issued a rule against defendant, setting forth the facts relating to the conviction of the son, the suspension of his sentence, the placing of him on probation, and the granting of permission to defendant to place the boy.in the National Junior Republic, which permission was given upon the agreement that the boy should remain in that institution for the period of one year. It further recited that defendant, without permission of the court or any of the authorities of the institution, "connived, schemed, and planned to remove, and actually did aid, abet, and assist in the removal of said infant from said institution to some other place or places outside of the District of Columbia, the particular location of which said respondent wilfully and purposely concealed from this court and its probation officers, and said respondent has never since returned said child to the District of Columbia; all with the wilful intent and purpose on the part of said respondent, James Hunter, of thereby hindering and obstructing the administration of justice in the aforesaid case, No. 20,852, and the said respondent did in fact so wilfully hinder, delay, and obstruct the administration of justice in this court in said case from, to wit, the 12th day of January, 1917, until, to wit, the present time." Defendant was ordered to appear on a day certain to show cause why he should not be adjudged in contempt of court and punished in accordance with the statute.

Defendant appeared and filed a plea in bar in which it was averred that no information had been filed by the corporation counsel; that the alleged contempt was not committed in the presence of the court or so near thereto as to obstruct the administration of justice; that the court had no jurisdiction in the original case against the respondent's son; that the rule disclosed that the alleged contempt was committed in the State of Maryland; that the son of the respondent was unlawfully in custody in that State; and that it was not contempt of court to remove him therefrom. The plea in bar was overruled, trial had, and defendant adjudged guilty of contempt of court and

sentenced to pay a fine of $20, and be confined in jail for the period of forty-eight hours.

*Mr. Matthew E. O'Brien* for the plaintiff in error.

*Mr. Conrad H. Syme,* Corporation Counsel, and *Mr. George P. Barse,* Assistant, for the defendant in error, in their brief cited:

*United States ex rel. Alward* v. *Latimer,* 44 App. D. C. 83; *Juvenile Ct.* v. *Hughlett,* 44 App. D. C. 62; *Guarantee Sav. & Loan Co.* v. *Pendleton,* 14 App. D. C. 84; *Costello* v. *Palmer,* 20 App. D. C. 219; *Green* v. *United States,* 25 App. D. C. 550; *West Disinfecting Co.* v. *Plummer,* 44 App. D. C. 354; *Wash. Utilities Co.* v. *Wadley,* 44 App. D. C. 180; *United States* v. *Zavelo,* 177 Fed. 539; *McCaully* v. *United States,* 25 App. D. C. 413; *Pierce* v. *United States,* 37 App. D. C. 586; *United States* v. *Shipp,* 203 U. S. 574; *United States* v. *Shipp,* 214 U. S. 403; *Merrimac River Sav. Bank* v. *Clay Centre,* 219 U. S. 527; *Dowling* v. *United States,* 41 App. D. C. 18; *Patterson* v. *Colorado,* 205 U. S. 463; *Pierce* v. *United States,* 37 App. D. C. 589; *Re Bates,* 55 N. H. 325; 4 Enc. Pl. & Pr. 789; 5 Enc. Proc. 403; *Eilenbecker* v. *District Ct.* 134 U. S. 31, 36, 39; *Interstate Commerce Com.* v. *Brimson,* 154 U. S. 447, 89; *Re Debs,* 158 U. S. 564, 94, 96; *Pierce* v. *United States,* 37 App. D. C. 589; *Diaz* v. *United States,* 223 U. S. 442, 50; *Rowland* v. *St. Louis R. Co.* 244 U. S. 106, 108; *De Forrest* v. *United States,* 11 App. D. C. 460; *Lorenz* v. *United States,* 24 App. D. C. 373; *Crawford* v. *United States,* 30 App. D. C. 27; *Le Cointe* v. *United States,* 7 App. D. C. 18; *Raub* v. *Carpenter,* 17 App. D. C. 516; *Rich* v. *Lemmon,* 15 App. D. C. 508; *Throckmorton* v. *Holt,* 12 App. D. C. 582; *First Unitarian Church* v. *Faulkner,* 91 U. S. 418; *Bank* v. *Guttschlick,* 14 Pet. 19, 29; *Wash. Gaslight Co.* v. *Poore,* 3 App. D. C. 135; *De Forrest* v. *United States,* 11 App. D. C. 460; *Brown* v. *Savings Bank,* 28 App. D. C. 353; *District of Columbia* v. *Duryee,* 29 App. D. C. 332; *Dixon* v. *Great Falls R. Co.* 43 App. D. C. 215; *Barrett* v. *Magner,* 105 Minn. 118,

127 Am. St. Rep. 531, 117 N. W. 245; *United States ex rel. Knight* v. *Ballinger,* 35 App. D. C. 436; *Merrimac River Sav. Bank* v. *Clay Centre,* 219 U. S. 527, 535; *Slack* v. *Perrine,* 9 App. D. C. 154; *State* v. *Knowles,* 34 Kan. 398; *Pfieffer* v. *United States,* 31 App. D. C. 111; *Friedenstein* v. *United States,* 125 U. S. 224, 230; *State* v. *Freeman,* 63 Vt. 497; *Ledrick* v. *United States,* 42 App. D. C. 385; *Murphy* v. *Massachusetts,* 177 U. S. 155, 159; *Bergemann* v. *Backer,* 157 U. S. 655, 659; *Re Gregor,* 219 U. S. 210, 213, 218; *District of Columbia* v. *Wilson,* 44 App. D. C. 265, 269; *Gompers* v. *Buck Stove & Range Co.* 221 U. S. 418, 450.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

We are not here concerned with the regularity of the proceedings respecting the arrest, conviction, suspension of sentence, and placing of the boy upon probation. The court had jurisdiction of the party and of the subject-matter. Hence, however defective or erroneous the proceedings, the judgment was not void, and could, at most, be voidable. It cannot, therefore, be collaterally impeached in this proceeding. *Murphy* v. *Massachusetts,* 177 U. S. 155, 159, 44 L. ed. 711, 714, 20 Sup. Ct. Rep. 639; *District of Columbia* v. *Wilson,* 44 App. D. C. 265, 269. Defendant cannot justify his conduct upon his assumption that the order of the court affecting the status of his son was invalid. So long as the order stood, it must be obeyed by all whom it affected. To hold otherwise would be to permit anyone affected by the order to set up his own judgment against that of the court, which will not be permitted. The rule in such a case is concisely stated in *Gompers* v. *Buck's Stove & Range Co.* 221 U. S. 418, 450, 55 L. ed. 797, 809, 34 L.R.A.(N.S.) 874, 31 Sup. Ct. Rep. 492, as follows: "If a party can make himself a judge of the validity of orders which have been issued, and by his own acts of disobedience set them aside, then are the courts impotent, and what the Constitution now fittingly calls the 'judicial power of the United States' would be a mere mockery."

It is insisted that the court was without jurisdiction to pro-

ceed, because there was not a sworn statement or information filed charging defendant with contempt. The jurisdiction of the juvenile court to punish contempts is statutory. 34 Stat. at L. 73, chap. 960. In contempts, either direct or constructive, the court's jurisdiction does not depend upon the form of pleading, providing the defendant is given full notice of the charge in the rule to show cause. *Juvenile Ct.* v. *Hughlett,* 44 App. D. C. 59; *United States ex rel. Alward* v. *Latimer,* 44 App. D. C. 81. The contempt here charged was direct, in that defendant disobeyed an express order of the court, thereby obstructing the administration of justice. In such a case "the proper practice is, by rule or other process, to require the offender to appear and show cause why he should not be punished." *Re Savin,* 131 U. S. 267, 277, 33 L. ed. 150, 153, 9 Sup. Ct. Rep. 699.

It is urged that the court was without jurisdiction, under a rule to show cause, to punish a contempt committed in the State of Maryland. Counsel for defendant insists that the contempt, if such it was, consisted in the disobedience of the alleged permission given defendant by the court or its probation officer to place the boy in the Junior Republic. But the placing of the boy in this institution was a mere incident of his probation. Hence, when defendant took the boy from the institution, he violated the probation order; and it was for this offense that the rule to show cause issued, and defendant was adjudged guilty. The custody of the boy by the Maryland institution was the custody of the court; and any interference with that custody, whether by the father or anyone else, was in defiance of the authority of the court, and amounted to an obstruction of the administration of justice.

The fact that the offense was committed at a point remote from the court, in an adjoining State, is of no importance. "The question is not one of geography or topography, or propinquity or remoteness, but one of direct influence upon the administration of justice. The administration of justice is equally obstructed wherever the act is done; and the place of the solicitation is absolutely of no consequence whatever: Whether the act was done in the courthouse, or a mile or 100

miles away, the result is precisely the same; the disturbance to the court is precisely the same. The act in its nature is not dependent upon location for its greater or less influence on the administration of justice." *McCaully* v. *United States,* 25 App. D. C. 404, 413.

The power to punish contempt is inherent in all courts. Congress, however, has placed a limitation upon the Federal courts embodied in sec. 268 of the Judicial Code (36 Stat. at L. 1087, chap. 231, Comp. Stat. 1916, sec. 1245), as follows: "Such power to punish contempts shall not be construed to extend to any cases except the misbehavior of any person in their presence, or so near thereto as to obstruct the administration of justice, the misbehavior of any of the officers of said courts in their official transactions, and the disobedience or resistance by any such officer, or by any party, juror, witness, or other person to any lawful writ, process, order, rule, decree, or command of the said courts." This statute was designed to govern the courts of the United States in contempt proceedings. Defining the limitations of sec. 725 of the Revised Statutes, Comp. Stat. 1916, sec. 1245, substantially re-enacted into the Judicial Code, as above quoted, the court, in *Eilenbecker* v. *District Ct.* 134 U. S. 31, 38, 33 L. ed. 801, 804, 10 Sup. Ct. Rep. 424, said: "It will thus be seen that even in the act of Congress, intended to limit the power of the courts to punish for contempts of its authority by summary proceedings, there is expressly left the power to punish in this summary manner the disobedience of any party, to any lawful writ, process, order, rule, decree, or command of said court." It therefore logically follows that the probation order, being a judgment of a court of competent jurisdiction, was in force wherever the probationer might be placed with the permission of the court or its lawful agent, the probation officer; and any interference with the exercise of that authority may be summarily punished as a contempt under a rule of the court to show cause, which fully apprises the defendant of the charges against him.

While such a proceeding is in its nature criminal, the defendant is not entitled to a trial by jury, except where expressly required by statute. He has been deprived of no constitutional right in this respect. "But the power of a court to

make an order carries with it the equal power to punish for a disobedience of that order; and the inquiry as to the question of disobedience has been, from time immemorial, the special function of the court. And this is no technical rule. In order that a court may compel obedience to its orders it must have the right to inquire whether there has been any disobedience thereof. To submit the question of disobedience to another tribunal, be it a jury or another court, would operate to deprive the proceeding of half its efficiency." *Re Debs,* 158 U. S. 564, 594, 39 L. ed. 1092, 1106, 15 Sup. Ct. Rep. 900.

Defendant assigns error in that the court received improper evidence. This amounts merely to a general assignment of error, which, in the absence of any specific designation of the errors upon which it is based, will not be considered.

The judgment is affirmed.                          *Affirmed.*