### DISTRICT OF COLUMBIA

v.

### Cleo ACKERMAN, Defendant.

### No. 6078.

District of Columbia Court of Appeals.

Argued Oct. 12, 1971.

Decided Oct. 19, 1971.

Richard W. Barton, Asst. Corporation Counsel, with whom C. Francis Murphy, Corporation Counsel, and Leo N. Gorman, Asst. Corporation Counsel, were on the memorandum of law on behalf of the District of Columbia.

Silas J. Wasserstrom, Washington, D. C., Public Defender Service, for defendant.

John A. McCahill, Asst. U. S. Atty., with whom Thomas A. Flannery, U. S. Atty., and John A. Terry, Asst. U. S. Atty., were on the memorandum of law on behalf of the United States as amicus curiae.

Before GALLAGHER, NEBEKER and YEAGLEY, Associate Judges.

PER CURIAM.

This case is before the court on certification by the trial judge [1] for resolution

---

1. D.C.Code 1967, § 23–101(f) (Supp. IV, 1971), reads:

"If in any case any question shall arise as to whether, under this section, the prosecution should be conducted by the Corporation Counsel or by the United States attorney, the presiding judge shall forthwith, either on his own mo-

of the question whether the District of Columbia through the Corporation Counsel or the United States through the United States Attorney is the proper prosecutive authority for alleged violation of D.C.Code 1967, § 22–3111 (Supp. IV, 1971). We are obliged to "determine the question in a summary way." *See supra* note 1. We conclude that the United States and not the District of Columbia is the proper prosecuting authority.

The information charges the defendant with "disorderly congregating around a public building [the United States Department of Justice Building], crowd[ing], obstruct[ing], and incommod[ing] free entrance into [that] building". The information also recites that such asserted conduct is "in violation of section 22–1107 [2] and section 22–3111 [3] of the District of Columbia Code" (footnotes supplied).

The question as to prosecuting authority arises from the provision, without apparent exception, of D.C.Code 1967, § 23–101(a), limiting the Corporation Counsel to prosecution of "violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year * * *." Since late 1967, violation of section 22–3111 has been punishable prisonment for not more than six months, by a fine of not more than $500, or im- *or both.* Thus, on its face, violation of that section appears to fall within the prosecutive province of the United States pursuant to section 23–101(c) which commands that

"[a]ll other criminal prosecutions" be in the name of the United States.

Notwithstanding that section 22–3111 originated as section 15 of the Act of July 29, 1892, and was originally within the prosecutive power of the Corporation Counsel, we do not think Congress can be taken as having intended to continue that course after 1967. Nor does it appear that the question arises from legislative oversight. It was by the Act of October 20, 1967, Pub.L. No. 90–108, § 2, 81 Stat. 277, that the punishment prescribed in section 22–3111 was increased and the third combined option of fine and imprisonment permitted. Then as now, the general statutory command was that prosecution for offenses punishable by fine, imprisonment, or both be brought in the name of the United States by the United States Attorney. *See* D.C. Code 1967, § 23–101(c). Indeed, Congressman Fallon, the chairman of the House Committee reporting the Bill, expressly observed that the United States Attorney would prosecute violations of section 22–3111 after the amendment of its punishment provision. 113 Cong.Rec. 29391 (1967). For us to conclude otherwise would be to ignore an expressly intended result of the 1967 amendment. This conclusion is consistent with the fact that section 22–3111 is concerned with property "belonging to the United States" and that the United States Attorney, rather than the prosecutive arm of the District of Columbia, is in a better position to determine prosecutive policy relating to its property.[4]

tion or upon suggestion of the Corporation Counsel or the United States attorney, certify the case to the District of Columbia Court of Appeals, which court shall hear and determine the question in a summary way. In every such case the defendant or defendants shall have the right to be heard in the District of Columbia Court of Appeals. The decision of such court shall be final."

2. D.C.Code 1967, § 22–1107.

3. D.C.Code 1967, § 22–3111 (Supp. IV, 1971).

4. A word as to the drafting of the information in this case may avoid future difficulty. Section 22–3111, *supra* note 3, is in terms of property "belonging to the United States"; yet nowhere in the information is such allegation expressly found. *See* and *compare* D.C.Code 1967, § 22–2206. While the reference in the information to "the United States Department of Justice Building" may have been intended to charge the statutory element relating to title, the better practice would be to include a specific allegation respecting property ownership.

Therefore, it is our judgment that the instant information has been filed in the name of and by the wrong prosecutive authority. Accordingly, the information herein should be dismissed without prejudice to further prosecution by the United States. The case is remanded to the trial court for that purpose.

So ordered.