In the Matters of DISTRICT OF COLUMBIA

v.

Robert Earl SMITH and George Cecil Lucas, Jr.

DISTRICT OF COLUMBIA

v.

James WEST.

DISTRICT OF COLUMBIA

v.

Theodore CAMPBELL.

Nos. 8780, 8805, 8806.

District of Columbia Court of Appeals.

Argued Nov. 13, 1974.

Decided Nov. 26, 1974.

David P. Sutton, Asst. Corp. Counsel, Washington, D. C., with whom C. Francis Murphy, Corp. Counsel, Louis P. Robbins, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the memorandum, for District of Columbia.

Jonathan B. Marks, Asst. U. S. Atty., with whom Earl J. Silbert, U. S. Atty., and

John A. Terry, Asst. U. S. Atty., were on the memorandum, for the U. S.

Paula K. Miller, and Gary J. Kushner, law student counsels, with whom Antonio R. Salazar, law student counsel, was on the memorandum, for Messrs. Smith, Lucas, West, and Campbell. Sandra Rothenberg, Arlington, Va., and C. Michael Schatzow were supervising attorneys; David Niblack, Washington, D. C., also entered an appearance for defendants Smith and Lucas.

Before GALLAGHER, YEAGLEY and HARRIS, Associate Judges.

HARRIS, Associate Judge:

■ These cases are before us on certification pursuant to D.C.Code 1973, § 23–101(f). Each of the defendants was charged by the Corporation Counsel with tampering with a parked vehicle in violation of Art. 25, § 15, of the Police Regulations of the District of Columbia. The defendants challenged the authority of the Corporation Counsel to prosecute them, contending that the United States Attorney is the proper prosecutorial authority. We disagree, and hold that the Corporation Counsel is the appropriate authority for the prosecution of the cases.

While we are authorized to dispose of such questions "in a summary way", D.C. Code 1973, § 23–101(f), our reasoning may be set forth rather briefly. Until the 1973 amendment of the tampering regulation, the penalty for conviction of such an offense was limited to a fine of $300. *See* D.C.Pol.Reg. Art. 30, § 4. On June 27, 1973, however, the District of Columbia Council concluded that "the offense of tampering with a motor vehicle is of sufficient seriousness and concern to the community to warrant the imposition of a sentence of imprisonment in addition to or as an alternative to a fine." D.C.Reg. No. 73–15. Accordingly, it then enacted the following amendment: "Any person violating this section shall, upon conviction, be fined not more than $300 or imprisoned for not more than 10 days, or both."

Defendants contend that the amendment divested the Corporation Counsel of prosecutorial authority over tampering offenses. Their argument is based upon a restrictive interpretation of D.C.Code 1973, § 23–101. In relevant part, it provides:

(a) Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all penal statutes in the nature of police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia by the Corporation Counsel . . . except as otherwise provided in such ordinance, regulation, or statute, or in this section.

. . . . . .

(c) All other criminal prosecutions shall be conducted in the name of the United States by the United States attorney . . . except as otherwise provided by law.

Historically, and without challenge, the Corporation Counsel has prosecuted alleged violations of the Police Regulations. Basically, the statute authorizes prosecution by the Corporation Counsel in two categories of offenses. The first includes "violations of all police or municipal ordinances or regulations". The second relates to an obviously separate type of offense, *i. e.,* "violations of all *penal statutes in the nature of* police or municipal regulations, where the maximum punishment is a fine only, or imprisonment not exceeding one year". (Emphasis added.) *See* District of Columbia v. Ackerman, D.C.App., 283 A.2d 24 (1971). Defendants argue that the penalty language modifies and limits the police regulations language, and that the absence of the term "or both" from the punishment clause of § 23–101(a) means that the Council's action amending the tampering regulation precludes prosecution by the Corporation Counsel.

■ There are a number of reasons for our inability to accept defendant's position. The most important is the one we have just indicated: We interpret the statute to give prosecutorial authority to the Corporation Counsel as to all municipal ordinances and regulations, irrespective of the prescribed punishment. For us to conclude that the "fine only, or imprisonment not exceeding one year" clause was meant to modify prosecutions under police regulations would be to condone two anomalies. The District of Columbia Council, empowered to make and enforce police regulations for the protection of property within the District by D.C.Code 1973, § 1–226, may not prescribe any imprisonment in excess of 10 days. D.C.Code 1973, § 1–224a. To treat a one-year imprisonment limitation as the demarcation line of prosecutorial authority under police regulations, with the Council's being without the power to prescribe a penalty in excess of 10 days, would present the first anomaly. The second arises from another statutory comparison. To accept defendants' argument would be to impart to the Council authority to alter the bounds of the prosecutorial jurisdiction of the United States Attorney (and the Corporation Counsel) by a mere addition to or deletion from the punishment portions of police regulations of the phrase "or both." This would be an absurd result, especially in light of the recently enacted District of Columbia Self-Government and Governmental Reorganization Act, Pub.L. No. 93–198, § 602(a)(8), which provides that the Council "shall have no authority to . . . enact any act or regulation . . . relating to the duties or powers of the United States attorney . . . ."

■ Our interpretation of § 23–101(a) is consistent with the doctrine of statutory construction known as the Rule of the Last Antecedent. See United States v. Pritchett, 152 U.S.App.D.C. 307, 311, 470 F.2d 455, 459 (1972). That rule, not inflexible and not to be applied where the context indicates otherwise, states that ordinarily, qualifying phrases are to be applied to the words or phrase immediately preceding them, and not to others more remote. Here, the context, legislative history, and the long-established application of the statute all support our conclusion that the "fine only, or imprisonment" phrase modifies only the "penal statute" phrase. The Corporation Counsel's basic prosecutorial jurisdiction over violations of "police or municipal ordinances or regulations" is unaffected by the subsequent limitation concerning penal statutes.

■ We also have a duty to make "every effort" to reconcile allegedly conflicting statutes and to give effect to the language and intent of both, as long as doing so does not deprive one of the statutes of its essential meaning. Myers v. Hollister, 96 U.S.App.D.C. 388, 390, 226 F.2d 346, 348 (1955), cert. denied, 350 U.S. 987, 76 S.Ct. 474, 100 L.Ed. 854 (1956). We may do so here; in fact, we must, as acceptance of defendants' contention would leave us with conflicts between statutes which are in pari materia.

D.C.Code 1973, § 1–226, empowers the District of Columbia to "make [and] enforce all such reasonable and usual police regulations . . . for . . . the protection of all property within the District of Columbia." Section 1–224a authorizes the Council to prescribe penalties of up to $300 in fines "or imprisonments not to exceed ten days, in lieu of or in addition to any fine, for the violation of . . . any regulation promulgated under authority of section 1–226." Reading those two statutes together, as by their very terms they must be read, we interpret them to mean that thhe District of Columbia may enforce its police regulations through the imposition of fines, imprisonment, or both.

When § 23–101(a) is construed to give the Corporation Counsel the prosecutorial jurisdiction over all police regulation violations, regardless of potential penalty, it is

in harmony with §§ 1–224a, 1–226, and 1–301.[1] This construction of § 23–101(a) also is consistent with the explicit proscription of the District of Columbia Self-Government and Governmental Reorganization Act which was quoted *supra*. Finding no substantial considerations to the contrary, we rule in favor of accord among statutes in pari materia.

For the foregoing reasons, we hold that these prosecutions are within the prosecutorial jurisdiction of the Corporation Counsel. The cases are remanded to the trial court to be processed accordingly.

1. D.C.Code 1973, § 1–301, provides that the "corporation counsel shall . . . have charge and conduct of all law business of the said District . . . ."