In the Matter of Melvin A. MARSHALL.

No. 80–1173.

District of Columbia Court of Appeals.

Argued Sept. 10, 1981.

Decided April 14, 1982.*

Melvin A. Marshall, pro se.

Leo N. Gorman, Asst. Corp. Counsel, with whom Judith W. Rogers, Corp. Counsel, and Charles L. Reischel, Deputy Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before NEBEKER, MACK and FER-REN, Associate Judges.

PER CURIAM:

Appellant raises two principal issues on appeal from a conviction for criminal contempt: (1) whether the trial court erred in finding that appellant received notice of his appointment as counsel for the mother in a child neglect case and intentionally did not comply with the order, and (2) whether appellant is excused from failure to comply with the order because of its alleged invalidity.[1] We conclude that the record sustains the court's findings and that appellant was obliged to appear in court to register

---

* The original disposition of this case was by unpublished Memorandum Opinion and Judgment issued on October 1, 1981. We reheard the case on written motion without oral argument.

1. We assume for purposes of this appeal that appellant made timely motions (and thus tolled the appeal period) by serving the motions within six days of Judge Schwelb's issuance of the contempt order and filing them at a reasonable time thereafter (four days after service).

**6**

his objection, irrespective of the validity of the appointment order. Accordingly, we affirm the criminal contempt conviction.

### I.

According to the trial court's findings, on February 7, 1980, Judge Goodrich issued an order appointing appellant as counsel for the mother in a child neglect action. The judge selected appellant from a list of attorneys who had previously registered with the Criminal Justice Act office for appointment as counsel in juvenile cases. The order was reflected in an appropriate entry on the court jacket.

A copy of Judge Goodrich's order was mailed to appellant on or about February 7, 1980 at his mailing address. The Intra-Family Clerk's Office also mailed appellant notices of hearings scheduled for February 25, 1980, April 17, 1980, and June 4, 1980. On each occasion, appellant failed to appear; nor did he contact the court regarding his inability or unwillingness to attend.

Appellant's failures to appear were costly, in terms of time and money, to the District of Columbia, to the court, to opposing counsel, to appellant's putative client, and to other litigants. On June 17, 1980, upon application of the Corporation Counsel, Judge Schwelb issued an order directing appellant to show cause why he should not be held in contempt for failure to comply with Judge Goodrich's appointment order. A copy of the show cause order was mailed to appellant.

Appellant admitted he received an unsigned copy of the June 17 order. When appellant appeared before Judge Schwelb on June 25, 1980, the judge inquired whether he had received the notices of the three previously scheduled hearings. Appellant tendered no evidence of non-receipt; invoking his Fifth Amendment privilege against self-incrimination, he declined to answer. None of the documents mailed to appellant by the Intra-Family Clerk's Office was returned to that office by the postal authorities.

On August 19, 1980, Judge Schwelb adjudged appellant guilty of criminal contempt, issued written findings of fact and conclusions of law, and fined him $250.

### II.

Appellant contends the trial court erroneously presumed he received Judge Goodrich's February 7, 1980 order and notices of the scheduled hearings. We disagree.

Jacket entries indicate that the order and all the notices were mailed to appellant, and were mailed to the same address as that to which the notice of the June 25, 1980 show cause hearing was sent. Appellant admitted he received notice of the June 25 hearing at that address. None of the other notices was returned to the sender. Under the circumstances, receipt of the notices could be presumed, absent rebuttal evidence (which appellant chose not to provide). *See Toomey v. District of Columbia*, D.C.App., 315 A.2d 565 (1974); *Columbia Finance Co. v. Worthy*, D.C.Mun. App., 141 A.2d 185, 186–87 (1958); *Legille v. Dann*, 178 U.S.App.D.C. 78, 81–83, 544 F.2d 1, 4–6 (1976). Accordingly, on this record we cannot say the trial court's finding "beyond a reasonable doubt that [appellant] had notice" of Judge Goodrich's order and the scheduled hearings was plainly wrong or without evidence to support it. *See* D.C.Code 1981, § 17–305(a).

### III.

Appellant claims that the court did not have *in personam* jurisdiction over him by virtue of Judge Goodrich's order, apparently because the order was directed to him by mail rather than by personal summons. We disagree. Judge Schwelb found that appellant had registered his name with the Criminal Justice Act office for appointment to juvenile cases; that it had been the practice of the court to assign attorneys from that list to act as counsel in child neglect cases; and that appellant had accepted such cases in the past, through this assignment procedure, on a *pro bono publico* basis. As noted in Part II *supra*, Judge Schwelb also "had no doubt whatever" that appellant had "actual" notice of the ap-

pointment order in this case. Under these circumstances, we conclude that the court had *in personam* jurisdiction over appellant.

## IV.

Appellant contests the court's authority to appoint him to represent an indigent client without compensation. Even if we assume—solely for the sake of argument—that an order appointing counsel without compensation is invalid, appellant lawfully may be adjudged guilty of criminal contempt for failure to comply with it. In the first place, Judge Goodrich without question had jurisdiction over the subject matter of appointing counsel for a mother in a child neglect proceeding. *See* D.C.Code 1978 Supp., § 16–2304(b)(1); Super.Ct. Neglect R. 20. *Compare In re Banks,* D.C. App., 306 A.2d 270 (1973) (court that ordered social worker to take overnight custody of child in delinquency proceeding lacked subject matter jurisdiction since SRA social worker could not come within statutory definition of authorized custodian). Accordingly, appellant had an obligation either to comply with the court order appointing him or to seek to have the order vacated.

> It is for the court of first instance to determine the question of the validity of the law, and until its decision is reversed for error by orderly review, either by itself or by a higher court, its orders based on its decisions are to be respected, and disobedience of them is contempt of its lawful authority, to be punished. [*Walker v. City of Birmingham,* 388 U.S. 307, 314, 87 S.Ct. 1824, 1828, 18 L.Ed.2d

1210 (1967) (quoting *Howat v. Kansas,* 258 U.S. 181, 190, 42 S.Ct. 277, 281, 66 L.Ed. 550 (1918)).]

*See United States v. United Mine Workers,* 330 U.S. 258, 290–95, 67 S.Ct. 677, 694–96, 91 L.Ed. 884 (1947) (the Court would affirm judgments of criminal contempt for violation of a preliminary injunction even if it subsequently concluded the trial court was barred by statute from issuing the injunction); *Hunter v. United States,* 48 App.D.C. 19, 23 (1918) ("The court had jurisdiction of the party and of the subject-matter. Hence, however defective or erroneous the proceedings, the judgment was not void, and could, at most, be voidable").

Appellant's failure to appear at scheduled hearings imposed monetary and time costs on the judicial system and on the parties and witnesses before the court. The delays imposed were more severe than those created by late attendance at one hearing. *See, e.g., In re Gratehouse,* D.C.App., 415 A.2d 1388 (1980) (per curiam); *In re Gregory,* D.C.App., 387 A.2d 720 (1978). The court did not err in concluding that appellant's decision to disregard the court's order violated his responsibilities to the court.

Accordingly, the judgment on appeal is *Affirmed.*[2]

2. Appellant also argues that the appointment constituted a taking in violation of the Fifth Amendment to the United States Constitution, as well as involuntary servitude in violation of the Thirteenth Amendment to the United States

Constitution. We find it unnecessary to reach these arguments because we conclude that appellant was obligated either to comply with the order (regardless of its validity) or to seek to have the order vacated. *See* Part IV *supra.*