## In the Matter of Melvin MARSHALL, Appellant.

### No. 82-1206.

District of Columbia Court of Appeals.

Submitted Sept. 21, 1983.

Decided Oct. 17, 1983.

---

4. *Washington v. May Department Stores, supra,* 388 A.2d at 487.

Melvin A. Marshall pro se.

Judith W. Rogers, Corp. Counsel, Washington, D.C., at the time the brief was filed, Charles L. Reischel, Deputy Corp. Counsel, and Leo N. Gorman, Asst. Corp. Counsel, Washington, D.C., were on brief, for appellee.

Before NEWMAN, Chief Judge, and PRYOR and TERRY, Associate Judges.

PER CURIAM:

Appellant, an attorney, was adjudicated to be in contempt of court for failing to comply with an order directing him to represent a parent in a child neglect action. On direct appeal we affirmed the judgment of conviction, *In re Marshall,* 445 A.2d 5 (D.C.1982). Thereafter, he collaterally attacked the conviction in the trial court on the ground that Corporation Counsel's involvement in the contempt proceedings deprived the court of jurisdiction to act. Upon denial of relief, this appeal followed. We affirm.

As indicated in our previous opinion, *id.* at 6, appellant, upon application of the Cor-

poration Counsel, was issued an order by the court directing him to show cause why he should not be held in contempt. On the date of the hearing, appellant appeared but invoked his constitutional privilege to remain silent. Ultimately, the court concluded that appellant had wilfully disobeyed a lawful judicial order.

In sum, appellant now asserts that by virtue of D.C.Code § 23–101 (1981)—a statutory provision which allocates prosecutorial authority between the Corporation Counsel and the United States Attorney—the Corporation Counsel's appearance in the proceedings rendered the court without authority to adjudicate him in contempt.

■ We are unpersuaded. It is fundamental, as we intimated in our initial opinion, *id.* at 7, that a court has inherent authority to enforce its own orders. Thus we cannot agree that the jurisdiction of the court in a matter of this kind is dependent upon the appearance of a particular prosecutor in the case.

■ Even assuming that § 23–101 prescribed a role for the United States Attorney in this instance, that fact would only raise a procedural question without effect upon the court's jurisdiction over the matter. *Cf. Mullowny v. Mowatt,* 43 App.D.C. 49, 52–53 (1915); *see also District of Columbia v. Smith,* 329 A.2d 128 (D.C.1974); *District of Columbia v. Ackerman,* 283 A.2d 24 (D.C.1971) (where question of proper prosecutorial authority is certified to this court, defendant is afforded opportunity to challenge the prosecutorial authority of the Corporation Counsel or the United States Attorney, not the trial court's subject matter jurisdiction).

*Affirmed.*