**In re Prosecution of Neal MONAGHAN.**

**In re Prosecution of James J. CRAIG, Jr.**

**Nos. 96–SP–852, 96–SP–853.**

District of Columbia Court of Appeals.

Argued Feb. 6, 1997.

Decided March 6, 1997.

Paul L. Knight, Chevy Chase, MD, with whom Carol A. Dalton was on the brief, Washington, DC, for defendants.

Jeanne M. Hauch, Assistant United States Attorney, with whom Eric H. Holder, Jr., United States Attorney, and John R. Fisher, Thomas C. Black, and Mary Ann Snow, Assistant United States Attorneys, were on the brief, for the United States.

Sidney R. Bixler, Assistant Corporation Counsel, with whom Charles F.C. Ruff, Corporation Counsel, Robert R. Rigsby, Deputy Corporation Counsel, and Rosalyn Colbert Groce, Assistant Corporation Counsel, were on the brief, for the District of Columbia.

Before FARRELL, KING, and REID, Associate Judges.

FARRELL, Associate Judge:

In 1987, D.C.Code § 22–2701 was amended to provide that a first offense of soliciting for purposes of prostitution was punishable by a fine only, not (as previously) by a fine, imprisonment, or both. The statute was recently amended again to provide for a fine and imprisonment for a first offense

(D.C.Code § 22–2701(a) (1995)), but the defendants in these consolidated cases were charged while the 1987 amendment was in effect. On the basis of it, they moved to dismiss informations filed by the United States under § 22–2701 on the ground that authority to prosecute for the crimes charged had reverted to the Office of the Corporation Counsel under D.C.Code § 23–101 (1996). The trial court, pursuant to § 23–101(f),[1] certified the issue of prosecutorial authority to us interlocutorally. We hold that the charges against the defendants have been properly brought in the name of the United States.

Section 23–101(f) declares that this court "shall hear and determine the question in a summary way." We therefore expedited consideration of these cases, and set forth the reasons for our holding briefly.

D.C.Code § 23–101 states in relevant part: (a) Prosecutions for violations of all police or municipal ordinances or regulations and for violations of all *penal statutes in the nature of police or municipal regulations,* where the maximum punishment is a fine only, or imprisonment not exceeding one year, shall be conducted in the name of the District of Columbia by the Corporation Counsel for the District of Columbia or his assistants, except as otherwise provided in such ordinance, regulation, or statute, or in this section.

\* \* \* \* \* \*

(c) All other criminal prosecutions shall be conducted in the name of the United States by the United States attorney for the District of Columbia or his assistants, except as otherwise provided by law. [Emphasis added.]

The defendants concede that D.C.Code § 22–2701 is a penal statute, not a police or municipal ordinance or regulation. *See Pinkney v.*

*United States,* 124 U.S.App. D.C. 209, 212, 363 F.2d 696, 699 (1966) (soliciting prostitution stated to be a "District of Columbia offense[ ], as distinguished from [a] municipal ordinance[ ]"). The sole issue presented, therefore, is whether it is a "penal statute[ ] in the nature of [a] police or municipal regulation[ ]" for purposes of § 23–101(a). *See District of Columbia v. Smith,* 329 A.2d 128, 129–30 (D.C.1974) (correct reading of § 23–101(a) is that the "where maximum punishment" clause modifies only its last antecedent). The following considerations satisfy us that § 22–2701 is not a penal statute in the nature of a police or municipal regulation.

*First,* the 1987 enactment itself is strong evidence of the point. Section 22–2701(a), as amended, made it unlawful (among other things) "for any person to invite, entice, [or] persuade ... any person or persons in the District of Columbia for the purpose of prostitution...." It punished that conduct as follows:

The penalties for any violation of this section *shall be* a fine of $300 for the first offense, a fine of $300 and 10 days imprisonment for the second offense, and a fine of $300 and 90 days imprisonment for each subsequent offense. Any person convicted of a violation of this section may be sentenced to community service as an alternative to, but not in addition to, any term of imprisonment authorized by this section. [Emphasis added.]

The defendants have not cited, nor have we found, any penalty structure for a D.C. police or municipal regulation resembling the *mandatory* punishment imposed by § 22–2701(a), including specified fines *and* imprisonment for second and third offenses.[2] That structure is entirely inconsistent with an intent of the legislature to treat the ban on soliciting prostitution as the equivalent of a municipal

---

1. .D.C.Code § 23–101(f) provides:

(f) If in any case any question shall arise as to whether, under this section, the prosecution should be conducted by the Corporation Counsel or by the United States attorney, the presiding judge shall forthwith, either on his own motion or upon suggestion of the Corporation Counsel or the United States attorney, certify the case to the District of Columbia Court of Appeals, which court shall hear and determine

the question in a summary way. In every such case the defendant or defendants shall have the right to be heard in the District of Columbia Court of Appeals. The decision of such court shall be final.

2. The amendment did not purport to remove the trial court's authority to suspend the imposition or execution of sentence. *See* D.C.Code § 22–2703.

ordinance.[3] Section 22–2701, as amended, was designed to address "the proliferation of prostitutes in some District neighborhoods," reflecting the legislature's belief "that prostitution activities in the District of Columbia have grown so large as to require *additional deterrents* to bring such activities to an end." REPORT OF THE COUNCIL OF THE DISTRICT OF COLUMBIA COMMITTEE ON THE JUDICIARY ON BILL 7–74, THE INCREASED PENALTY FOR PROSTITUTION ACT OF 1987, at 2 (May 20, 1987) (emphasis added). We will not construe an offense and penalty structure having that purpose as quasi-regulatory rather than criminal in the full sense of the word.

*Second,* although the courts of this jurisdiction have had only rare occasion to interpret the phrase "penal statutes in the nature of police or municipal regulations," a decision of the United States Court of Appeals many years ago still sheds valuable light on the meaning of the phrase and its application to this case. In *United States v. Cella,* 37 App. D.C. 433 (1911) (*Cella II*), the question was whether a statute that prohibited bucketing and bucket shopping[4] was in the nature of a police or municipal regulation. In deciding that it was not, the court explained as follows:

> A municipal ordinance or police regulation is peculiarly applicable to the inhabitants of a particular place.... A statute making it an offense for a motor vehicle to exceed a certain limit of speed within the city limits would clearly be a penal statute in the nature of a police regulation. Such a statute would be designed to regulate the speed of motor vehicles in accordance with the requirements of local conditions. The bucket shop statute under consideration, however, is of a different character. We find that statute *in the chapter of the Code devoted to crimes and punishments,* and in

a subchapter governing offenses against public policy. The commission of the offense would be as much against public policy in one place as in another; in other words, while the statute is local in its application, it deals with *a subject matter general in character. Admittedly, a prosecution for the second offense under the act must be in the name of the United States, since the punishment for such an offense may be imprisonment for five years. No reason is apparent why a prosecution for a first offense should not also be in the name of the United States. Moreover, this statute does not purport to regulate the business of bucketing, but, on the contrary, is designed absolutely to prohibit it.* While the authority to enact such a statute may be ascribed to the police power, as indeed may be the authority to enact all criminal statutes, we think, nevertheless, that the act is something more than one in the nature of a police or municipal regulation; *that it creates and denounces a general offense,* and hence that prosecution thereunder was rightly commenced in the name of the United States.

*Id.* at 435–36. (emphasis added). Here too, § 22–2701(a) appears "in the chapter of the Code devoted to crimes and punishments," and is "designed absolutely to prohibit" soliciting for prostitution and not just to "regulate" it. Moreover, as in *Cella II,* the express language of § 23–101(a) bars prosecution by the Corporation Counsel of second and third offenses under § 22–2701(a), and "[n]o reason is apparent why a prosecution for a first offense should not also be in the name of the United States."[5] Indeed, since prosecution as a recidivist would require notice of prior conviction under D.C.Code § 23–111, and since that no-

---

**3.** Interestingly, when the legislature wanted to commit prosecution of acts akin to soliciting prostitution to the Corporation Counsel, it expressly did so. *See* D.C.Code § 23–101(b) ("disorderly conduct" and "lewd, indecent, or obscene acts").

**4.** Bucket shopping, roughly speaking, was gambling of a sort in which wagers were made in the form of orders or options at current prices for securities or commodities with no real intention to purchase or deliver, losses or gains being

computed on the basis of changes in market quotations. *See United States v. Cella,* 37 App. D.C. 423, 428 (1911) (*Cella I*).

**5.** *Smith v. United States,* 304 A.2d 28 (D.C.1973), and *Lawrence v. United States,* 224 A.2d 306 (D.C.1966), have nothing to do with D.C.Code § 23–101, and therefore lend no support to the defendants' argument that the Corporation Counsel retains authority to prosecute second and third offenses under § 22–2701.

tice need only be filed "prior to trial," *id.* § 23–111(a)(1), under the defendants' view it would not even be known in some cases who had prosecutorial authority until the eve of trial. Similarly, the mistaken filing of a notice of prior conviction, not caught until later, might invalidate the entire prosecution. There is no need to accept such bizarre results.

Prosecution under § 22–2701, which "denounces a general offense," has rested with the United States since 1935.[6] We hold that nothing in the 1987 amendment to the statute changed that assignment of authority. Prosecution of the defendants on the present informations may therefore proceed.

*So ordered.*

REID, Associate Judge, concurring:

I agree with Judge Farrell that "prosecution of the defendants on the present information may ... proceed." I write separately to emphasize one point. Judge Farrell states, "[t]he defendants concede that D.C.Code § 22–2701, is a penal statute, not a police or municipal ordinance or regulation." However, as Judge Farrell indicates, "[t]he sole issue presented ... is whether [§ 22–2701] is a 'penal statute [ ] in the nature of [a] police or municipal regulation[ ]' for purposes of § 23–101(a)." *Ante* at 477. Defendants did not raise the issue as to whether § 22–2701(a) is a "police or municipal ordinance," only whether it is a "penal [statute] in the nature of [a] police or municipal [regulation]." Hence, in this case, we do not reach the issue as to whether § 22–2701(a) is a police or municipal ordinance.

---

6. See Act of Aug. 15, 1935, ch. 546, 49 Stat. 651 (for the suppression of prostitution in the District of Columbia) (1935).